# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

(Filed:  June 30, 2016)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| TRESSA J. NELSON, | * | |
| | * | No. 15-1288V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Guillain-Barre Syndrome ("GBS"); |
| AND HUMAN SERVICES, | * | Influenza ("flu") Vaccine; Failure to |
| | * | Follow Court Orders; Insufficient |
| Respondent. | * | Proof. |
| | * | |
| * * * * * * * * * * * * * | | |

Scott B. Taylor, Urban and Taylor, S.C., Milwaukee, WI, for petitioner.
Amy Kokot, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION DISMISSING PETITION[1]

On October 30, 2015, Tressa Nelson ("petitioner") filed a petition under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"), alleging that she suffered from Guillain-Barre Syndrome ("GBS") and chronic headaches due to an influenza vaccine she received on November 2, 2012.  Petition at Preamble.

Petitioner filed medical records on November 17, 2015, and the initial status conference was held on December 22, 2015.  Petitioner filed a status report on February 20, 2016, regarding the status of her diagnosis and whether she intended to pursue her claim.  Status Report dated February 20, 2016 (ECF No. 10).  Petitioner stated that at that time, she did not have a firm diagnosis of GBS but that she had an appointment with Dr. Xian-Feng Gu on March 1, 2016. Petitioner stated that she was hopeful that she would receive a firm diagnosis from Dr. Gu.  Id. at 1.  The undersigned next ordered petitioner to file a status report by April 22, 2014, updating the

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

Court as to the status of her diagnosis, her appointment with Dr. Gu, and whether she intends to proceed with her claim.  Order dated March 4, 2016 (ECF No. 11).

Petitioner did not file a status report or initiate any other form of contact with the Court by her April 22, 2016 deadline.  The undersigned then issued a scheduling order allowing petitioner until May 23, 2016, to file a status report regarding her diagnosis, her appointment with Dr. Gu, and her intention to remain in the program.  Order dated May 13, 2016 (ECF No. 12).  Two weeks after petitioner again missed her deadline, the undersigned issued an Order to Show Cause.  Order to Show Cause dated May 24, 2016 (ECF No. 13).  Petitioner was ordered to file a response by Friday, June 24, 2016, and was warned that if she failed to do so that her case would be dismissed.  Petitioner did not filed a response to the Order to Show Cause, and the Court has not received any communication from petitioner or her attorney since February 20, 2016.  See Status Report dated Feb. 20, 2016 (ECF No. 10).

To receive compensation under the Program, petitioner must prove either: 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that petitioner's injury was caused by the vaccinations she received on November 2, 2012.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  However, petitioner has not filed an expert report or made any indication that she intends to pursue her claim in over four months, despite the undersigned's numerous Orders.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were caused-in-fact by one or more of his vaccinations.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master